UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSE ALVARADO,

                              Plaintiff,

      -v.-                                                9:08-CV-1126
                                                                     (TJM)

DR. S. RAMINENI; NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES,

                              Defendants.

APPEARANCES:

JOSE ALVARADO
06-B-1530
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403
Plaintiff, *pro se*

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    Background**

       Currently before the Court for review is plaintiff Jose Alvarado's amended complaint. Dkt. No. 6. Plaintiff submitted the amended complaint in compliance with the Order of this Court filed on October 23, 2008. Dkt. No. 4 ("October Order"). By the October Order, the Court (1) dismissed plaintiff's claims against defendant Ramineni that were filed pursuant to 42 U.S.C. § 1983 ("Section 1983") with leave to replead; (2) dismissed plaintiff's claims against defendant Ramineni filed pursuant to the Americans with Disabilities Act ("ADA") and the Rehabilitation Act without leave to replead; and (3) dismissed plaintiff's claims against the New York State Department of Correctional Services ("DOCS") filed pursuant to the ADA and the Rehabilitation Act with leave to replead. *Id*.

**II.    Amended complaint**

       In his amended complaint, plaintiff alleges that both defendants Ramineni and DOCS were

deliberately indifferent to his serious medical needs in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution. Plaintiff also claims that defendants Ramineni and DOCS violated plaintiff's rights pursuant to the ADA and the Rehabilitation Act because they refused to house him in a facility with no stairs and denied him the use of his cane. Finally, plaintiff seeks to add a new defendant - Mount Vernon Hospital - and alleges that Mount Vernon Hospital was deliberately indifferent to his serious medical needs. For a more complete statement of plaintiff's claims, refer to the amended complaint.

### A. Dr. Ramineni

For the reasons set forth in the October Order, plaintiff's claims brought against defendant Ramineni pursuant to the ADA and the Rehabilitation Act are again dismissed in their entirety.[1] The Court will direct service of the amended complaint upon Dr. Ramineni as to plaintiff's Eighth Amendment claim.[2]

### B. DOCS

To the extent that Plaintiff seeks **monetary** relief from defendant DOCS pursuant to Section 1983 for violation of his Eighth Amendment rights, he is advised that "[a]gencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest." *Santiago v. New York State Dep't. of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citations omitted). Thus, suits against

---

[1] As set forth in the October Order, plaintiff may assert his ADA and Rehabilitation Act claims against DOCS directly. *See* October Order at 6-7 (citing *Hallett v. New York State of Correctional Services*, 109 F.Supp.2d 190, 197 (S.D.N.Y.2000) ("Because plaintiff is able to assert his ADA and Rehabilitation Act claims against DOCS directly, I find that there is no justification for allowing plaintiff to also assert ADA and Rehabilitation Act claims against the individual defendants in their official capacities."); *Andino v. Goord*, No. 06-CV-455A, 2008 WL 724209, at *2 (W.D.N.Y. Mar. 17, 2008) (same)).

[2] The Court takes no position on the ultimate merits of this claim at this time.

DOCS for **money damages** are barred by the Eleventh Amendment. *Denis v. N.Y.S. Dep't of Corr. Serv.*, No. 05 Civ 4495, 2006 WL 217926, *12 (S.D.N.Y. Jan. 30, 2006) (citations omitted); *Allah v. Juchnewioz*, No. 93 CIV 8813, 2003 WL 1535623, *3 (S.D.N.Y. Mar. 24, 2003) ("[a]s DOCS is a subdivision of New York State, cases routinely hold that it may not be sued for monetary damages") (citations omitted). Accordingly, plaintiff's claims for monetary damages from DOCS pursuant to Section 1983 are dismissed. The Court will direct service of the amended complaint upon DOCS regarding plaintiff's request for injunctive or declaratory relief pursuant to Section 1983 and with respect to plaintiff's claims under the ADA and the Rehabilitation Act.[3]

    **C.    Mount Vernon Hospital**

Plaintiff alleges that Mount Vernon Hospital was deliberately indifferent to his serious medical needs when plaintiff developed complications after having surgery at Mount Vernon Hospital. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir.1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Assuming arguendo that Mount Vernon Hospital is a "person" acting under color of state law, plaintiff's complaint fails to state a claim against Mount Vernon Hospital. Plaintiff merely alleges that a few months after he was operated on at Mount Vernon Hospital by a Dr. Roth, who is not a defendant in this action, he starting bleeding "due to some fragments/and or fatty tissue that was left in plaintiff['s] abdomen." Dkt. No. 6 at 3. Plaintiff does not however allege that Mount Vernon Hospital itself was deliberately indifferent to his serious medical needs. Moreover, the allegations concerning the complications from his surgery

---

[3] The Court takes no position on the ultimate merits of any of these claims at this time.

amount at best to negligence or medical malpractice which does not rise to the level of a constitutional claim. *See Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662 (1986) (mere negligence on the part of state officials is not actionable under § 1983); *see also Hudson v. Clark*, 319 F. Supp.2d 347, 349-52 (W.D.N.Y. 2004) (allegations against a hospital that plaintiff developed some complications after surgery did not demonstrate that the hospital was deliberately indifferent to plaintiff's medical needs or showed a wanton disregard for those needs). For the aforesaid reasons, Mount Vernon Hospital is hereby dismissed as a defendant to this action.

WHEREFORE, it is hereby

ORDERED, that Mount Vernon Hospital is dismissed as a defendant to this action, and it is further

ORDERED, that plaintiff's claims against defendant Ramineni filed pursuant to the ADA and the Rehabilitation Act are dismissed in their entirety, and it is further

ORDERED, that plaintiff's claims against DOCS for monetary damages pursuant to 42 U.S.C. § 1983 are dismissed, and it is further

ORDERED, that the Clerk of the Court shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon Dr. Ramineni and the New York State Department of Correctional Services, together with a copy of this Order. The Clerk of the Court shall also forward a copy of the summons and amended complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order; and it is further

ORDERED, that a formal response to plaintiff's amended complaint be filed by the defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and it is further

ORDERED, that any paper sent by a party to the Court or the Clerk of the Court shall be accompanied by a certificate setting forth the date on which a true and correct copy of the paper was

mailed to the opposing party or his or her counsel.  Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service will be returned.  Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff in accordance with the Local Rules.

SO ORDERED.

Dated:  February 2, 2009

Thomas J. McAvoy
Senior, U.S. District Judge